## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS E. HART, | ) | |
| AIS # 00210800, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:22-00209-JB-N |
| | ) | |
| JOSEPH HEADLEY, *et al.*, | ) | |
|     Respondents. | ) | |

### REPORT AND RECOMMENDATIONS

Petitioner Thomas E. Hart – an Alabama inmate proceeding *pro se* – initiated the above-styled action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 15, 2022,[1] along with a contemporaneous motion to procced without prepayment of fees, or *in forma pauperis* ("IFP"). (Docs. 1, 2).[2] Petitioner's amended and operative § 2254 petition was filed July 19, 2022. (Doc. 6). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to the appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules").

Upon consideration, and for the reasons stated herein, the undersigned

---

[1] Under the prison mailbox rule, court filings by pro se inmates are deemed filed on the date delivered to prison authorities for mailing. *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

[2] The District Judge assigned this case referred the initial and amended petitions to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (5/27/2022, 7/27/2022 elec. refs.).

**RECOMMENDS** Hart's amended § 2254 Petition for Writ of Habeas Corpus dated July 19, 2022 (Doc. 6) be **DISMISSED with prejudice** as time barred from review under AEDPA. Further, the undersigned **RECOMMENDS** Hart be **DENIED** a Certificate of Appealability and the Court **CERTIFY** that any appeal by Hart of the denial of the present § 2254 petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*. In accordance with the same, the undersigned **RECOMMENDS** Hart's motion for an evidentiary hearing and for appointment of counsel (Doc. 17) be **DENIED as MOOT**.

## I.   *Procedural and Factual Background*

On May 4, 2005, Petitioner pleaded guilty to Sodomy in the First Degree (in violation of Ala. Code § 13A-6-63(a)(3)) and Sexual Abuse in the First Degree (in violation of Ala. Code § 13A-6-66(a)(3)) in the Circuit Court of Baldwin County, Alabama, and was sentenced to 25 years for the Sodomy charge and 20 years for the Sexual Abuse charge. (Doc. 6, PageID.28). Hart did not directly appeal his judgment of conviction (Doc. 6, PageID.29), nor does the record indicate he has ever done so.

However, the record indicates Hart has filed three petitions under Rule 32 of the Alabama Rules of Criminal Procedure. Hart's first Rule 32 Petition challenged his sentence as exceeding statutory limits under the Habitual Felony Offender Act, and asserted he was not given notice by the State of its intent to proceed under this provision. (Doc. 13, PageID.72; Doc. 13-1, PageID.77; Doc. 13-7, PageID.131; Doc. 13-12, PageID.148). This first Rule 32 petition was denied by the circuit court without an evidentiary hearing on December 17, 2007. (Doc. 13-1; PageID.77). Hart filed a

second Rule 32 petition in 2011. (Doc. 13, PageID.72; Doc. 13-1, PageID.77; Doc. 13-7, PageID.131; Doc. 13-12, PageID.148). The second petition, challenging the sentencing court's jurisdiction to impose a sentence, was also denied by the circuit court without an evidentiary hearing in September or October of 2011. (*Id*.).

Hart filed a third Rule 32 petition October 10, 2013. (Doc. 13-1, PageID.75-89). This third petition was dismissed by the circuit court on October 28, 2013. (Doc. 13-1, PageID.100-01). Hart filed a notice of appeal regarding this third petition on November 22, 2013. (Doc. 13-1, PageID.105). His appellate counsel filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there were no viable issues to be argued in Petitioner's appeal. (Doc. 13-2, PageID.125). However, the Alabama Court of Criminal Appeals provided Hart with an opportunity to submit a *pro se* brief, which Petitioner submitted on February 14, 2014. (Docs. 13-3, 13-4, 13-5, 13-6). As summarized by the Alabama Court of Criminal Appeals in an April 18, 2014 unpublished opinion affirming the circuit court's dismissal, Hart raised the following claims for relief in his third Rule 32 petition:

(1) That the trial court lacked jurisdiction to accept his pleas or to sentence him because, he said, there was a fatal variance between the indictments and the State's proof. Specifically, he argued that the State failed to prove all the essential elements of the crimes during the plea proceeding because, he said, the State presented "no medical, DNA, or forensic reports" to establish "deviate intercourse or any use of force" and presented no evidence of "any intent or knowledge." He also argued that "[t]he State, at [the] plea, offered no proof as to the crime[s], and simply tracked the language within the petitioner's indictment." Finally, he argued that newly discovered material facts indicated that the victim was prone to lie which, he claimed, necessarily meant that the State had failed to prove that he had committed the crimes.

(2) That the trial court lacked jurisdiction to accept his pleas or to sentence him because, he said, the victim's name in the indictment was incorrect thus rending the indictment void, and because, he said, when the State attempted to correct the name of the victim during the plea colloquy, the correction created a fatal variance between the indictment and the State's proof.

(3) That his guilty pleas were involuntary because, he said, they were entered without an understanding of the consequences of the pleas and because, he said, his counsel "induced" him to plead guilty.

(4) That his trial counsel was ineffective for not filing proper pretrial motions and not properly investigating the case.

(Doc. 13-7, PageID.131-32) (internal citations and footnote omitted). *See Hart v. State*, 184 So. 3d 469 (Ala. Crim. App. 2014).

As to Hart's first claim for relief, the Alabama Court of Criminal Appeals held Petitioner's claim was "not jurisdictional and fails to satisfy all five requirements of the newly discovered material facts in Rule 32.1(e), [therefore] it is, as the circuit court found, precluded as successive by Rule 32.2(b) and time-barred by Rule 32.2(c)." (Doc. 13-7, PageID.137). Hart's second claim was determined to be non-jurisdictional and unpreserved, therefore, "as the circuit court found, this claim is precluded as successive by Rule 32.2(b) and time-barred by Rule 32.2(c)." (Doc. 13-7, PageID.136). Hart's third claim was also determined to be non-jurisdictional, as well as time-barred under Rule 32.2(c) because his petition was filed "over 8 years after his convictions and sentences became final." (Doc. 13-7, PageID.138). The court noted Hart's fourth claim was not discussed in his *pro se* brief, and it was deemed abandoned. (*Id*.).

Upon affirming the circuit court's dismissal, the Alabama Court of Criminal

Appeals provided Hart an opportunity to file an application for rehearing and brief in support. (Doc. 13-8). However, Hart failed to timely file an application for rehearing (Doc. 13-9), and the judgment of the Alabama Court of Criminal Appeals was affirmed by memorandum on May 28, 2014. (Doc. 13-10).[3]

As previously noted, Hart's initial § 2254 petition and IFP motion were filed in this Court on May 15, 2022. (Docs. 1, 2). Both filings were on outdated forms, and by order dated June 2, 2022, the undersigned ordered Hart to: (1) refile his § 2254 petition on the proper form and (2) pay the statutory $5.00 filing fee for such an action or (3) file an IFP motion on the proper form. (Doc. 3). After an extension, Petitioner filed an amended IFP motion and amended § 2254 petition on July 19, 2022.  (Docs. 4, 5, 6, 7). Upon review of Hart's IFP motion, the undersigned determined Petitioner was able to pay the $5.00 statutory filing fee, denied the amended IFP motion and ordered Hart to remit payment or to show cause as to why he could not pay the filing fee by no later than November 3, 2022. (Docs. 8, 9). The Court received Petitioner's remitted $5.00 filing fee on November 8, 2022. (Doc. 10).

Upon receipt of the filing fee, the undersigned "promptly examine[d]" Hart's amended petition in accordance with Rule 4 of the § 2254 Rules and determined it could not be properly and effectively processed without a response from Respondents. (Doc. 11, PageID.63). Accordingly, the undersigned ordered Respondents be served in accordance with Rule 4 of the § 2254 Rules and instructed them to answer and show

---

[3] The record indicates Hart filed a subsequent motion seeking to have his untimely application for rehearing be considered as timely; however, the Alabama Court of Criminal Appeals denied this motion by order dated June 4, 2014. (Doc. 13-11).

cause as to why the writ should not be granted. (Doc. 11, PageID.64). Respondents, though the Office of Alabama Attorney General, filed an answer and response January 23, 2023, which asserts Hart's amended § 2254 petition is due to be dismissed as untimely, unexhausted, procedurally defaulted and otherwise meritless. (Doc. 13, PageID.75-81). The undersigned granted Petitioner an opportunity to submit a reply showing cause as to why his petition should not be dismissed for the reasons stated in Respondents' answer. (Doc. 14). After an extension, Hart filed a reply March 10, 2023, which also moves the Court for an evidentiary hearing and for appointment of counsel to assist Hart at said hearing. (Docs. 15, 16, 17). Hart's amended § 2254 petition was taken under submission March 24, 2023.

## II.   *Analysis*

Hart's § 2254 petition is subject to the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA") and 28 U.S.C. § 2244(d), because his judgment became final after April 24, 1996. *See Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000) (explaining AEDPA's timeliness standards). Thus, his one-year period under AEDPA runs from latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States in removed, if the applicant was prevent from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d)(1). Nothing in Hart's petition supports the running of his AEDPA-imposed limitation period from the dates in §§ 2244(d)(1)(B)-(D).[4] Thus, Hart had "one year from the date his judgment of conviction and sentence became final to file a petition for a writ of habeas corpus in federal court." *Walton v. Sec'y, Florida Dep't of Corr.*, 661 F.3d 1308, 1310 (11th Cir. 2011) (cleaned up).[5]

Hart challenges a criminal judgment handed down by the Circuit Court of Baldwin County, Alabama on May 4, 2005. (Doc. 6, PageID.28).[6] Hart admits in his petition that he did not file any direct appeal of his conviction. (Doc. 6, PageID.29). Thus, Hart's AEDPA clock began running on June 16, 2005 – the day after his time

---

[4] Hart states in his response to the Court:

> Furthermore, when Mr. Hart raised issues in his dismissed pleadings, those issues were raised only when Mr. Hart found out in prison what might be required for the state to obtain a conviction and then realized that the State did not have DNA and other Medical Records that would implicate him as the suspect of a crime or show that a person was victimized in the manner that the State claimed…

(Doc. 17, PageID.1919). Liberally construed, to the extent the above-quoted statement makes an argument that § 2244(d)(1)(D) should apply, the undersigned finds such an argument to lack merit. First, Hart does not provide a date for when he "found out" such information. However, Hart raised this same argument in his third Rule 32 petition filed February 14, 2014. (Doc. 13-1, PageID.83-84). Even if applying this February 14, 2014 date for purposes of AEDPA deadline calculation pursuant to § 2244(d)(1)(D), Hart's § 2254 petition before this Court remains untimely by more than nine years.

[5] Hart argues that his claims are not time-barred because "the grounds are jurisdictional and most of the grounds in the past have not been ruled on." (Doc. 6, PageID.37). However, this argument is unavailing because the plain text of § 2244(d) makes clear that its time bar applies to all § 2254 petitions. *See Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004) ("[T]his court has explicitly held that the § 2244 statute of limitations applies to petitions governed by § 2254.").

[6] Because Hart is incarcerated at Ventress Correctional Facility, which is in this judicial district, see 28 U.S.C. § 81(c), this Court has jurisdiction to entertain his § 2254 petition. See 28 U.S.C. § 2241(d).

lapsed under Alabama law to file a timely notice of appeal.[7] *See* Ala. R. App. P. 4(b)(1) (stating criminal defendants have 42 days from "the date of entry of the judgment" to file a notice of appeal); *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) ("A conviction is final the conclusion of direct review or the expiration of the time for seeking such review."). Accordingly, Hart had until June 16, 2006 to file a timely federal habeas petition challenging his Baldwin County judgment. Hart filed the operative § 2254 petition July 19, 2022 – more than 16 years after his AEDPA clock expired. Accordingly, his petition was filed outside of AEDPA's statutory window, such that his claims are barred from review unless an exception applies.

However, certain equitable exceptions may excuse an otherwise untimely habeas claim. First,

> the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling. As the Supreme Court has explained, the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and Section 2244 does not bar the application of equitable tolling in an appropriate case. *Holland v. Florida,* 560 U.S. 631, 130 S. Ct. 2549, 2560, 177 L.Ed.2d 130 (2010).

> The Supreme Court []affirmed, however, that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights

---

[7] Alabama Rule of Appellate Procedure 26 explains how this deadline is calculated:

> In computing any period of time prescribed by these rules, by an order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period shall be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period extends until the end of the next day that is not a Saturday, Sunday, or legal holiday or, when the act to be done is the filing of a document in an appellate court, a day on which weather or other conditions have made the office of the clerk of the court inaccessible, in which event the period runs until the end of the next day that is not one of the aforementioned days.

Ala. R. App. P. 26(a).

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.' " *Holland,* 130 S. Ct. at 2565 (internal quotation marks and citation omitted). As for the "extraordinary circumstance" prong, like the Supreme Court's articulation in *Holland,* we too have required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See Lawrence v. Florida,* 421 F.3d 1221, 1226–27 (11th Cir.2005).

*San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (footnote omitted). Hart does not argue he is entitled to equitable tolling in either his amended § 2254 petition or in his response to the Court. (Docs. 6, 17). Moreover, his filings do not indicate a diligent pursuit of rights nor the presence of an extraordinary circumstance that stood in his way preventing timely filing. As such, equitable tolling does not apply.

However, Hart does invoke a second equitable exception – commonly referred to as "actual innocence" – in an effort to overcome AEDPA's time bar. As explained by the Eleventh Circuit in *Brown v. Sec'y, Fla. Dep't of Corr.*:

[i]n *McQuiggin*[ *v. Perkins*], the Supreme Court held that a federal habeas petitioner can qualify for an equitable exception to the one-year statute of limitation and obtain federal review of his claims about constitutional errors in his state court proceedings if he satisfies the threshold test established in *Schlup* [*v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)]. *McQuiggin,* 133 S. Ct. [1924,] 1928[ (2013)]. Under that test, the petitioner must "persuade[ ] the [habeas] court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup,* 513 U.S. at 329, 115 S. Ct. at 868). The test devised in

9

> *Schlup* is intended to "ensure[] that [the] petitioner's case is truly
> extraordinary, while still provide petitioner a meaningful avenue by
> which to avoid a manifest injustice." 513 U.S. at 327, 115 S. Ct. at 867
> (internal quotation marks and citation omitted). The petitioner must
> prove that "he is 'actually innocent,' " *id.* at 327, 115 S. Ct. at 867, by
> producing "new reliable evidence... not presented at trial," *id.* at 324,
> 115 S. Ct. at 865, that "raise[s] sufficient doubt about [his] guilt to
> undermine confidence in the result of the trial," *id.* at 317, 115 S. Ct. at
> 862.

580 F. App'x 721, 726–27 (11th Cir. 2014) (per curiam) (unpublished). This exception "is exceedingly narrow in scope" and deals with factual innocence, rather than mere legal insufficiency. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). *See Rozzelle v. Sec'y, Fla. Dep't of Corr*, 672 F.3d 1000, 1013 (11th Cir. 2012) (explaining different types and applicability of "actual innocence" claims); *Gonzalez v. Sec'y for the Dep't of Corr.*, 366 F.3d 1253, 1274 (11th Cir. 2004) (en banc) ("Actual factual innocence is required; legal innocence is not enough. It is a narrow a well-defined exception that will rarely be found to exist.").

Hart invokes *Schlup* at several points in his response to the Court's show cause order; however, his reliance on the case is misplaced. (*See* Doc. 17). As *McQuiggin* explains, a "petitioner does not meet the threshold requirement [to invoke the actual innocence exception to AEDPA's time bar] unless he persuades the district court that, *in light of the new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 569 U.S. at 386 (citing *Schlup*, 513 U.S. at 329) (emphasis supplied). *See Schlup*, 513 U.S. at 324 (explaining that, for an actual innocence claim "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with *new reliable evidence*…") (emphasis supplied).

In Petitioner's own words: "*Schlup*, as stated above is a gateway that allows a defendant the opportunity to present his merited claims of innocence. One cannot be guilty of a charged crime when there are so many conflicting variances." (Doc. 17, PageID.195). However, at no point does Hart argue he is actually and factually innocent of the crimes for which he was convicted, nor does he point to any "new reliable evidence" establishing his innocence. *Id*. Instead, he argues he should not have been found guilty and his judgment of conviction was improper because: (1) there were variances in the indictment and missing elements of the charge, (2) there was an insufficient factual basis for the court to accept his plea, (3) the State allegedly lacked DNA or medical evidence necessary to convict him, and (4) the victim had previously misled the Alabama Department of Human Resources, and the state allegedly violated *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to disclose the same. (*See* Doc. 17). However, each of these arguments are rooted in legal insufficiency, rather than factual innocence. While some of these claims may have had merit in a timely-filed direct review or Rule 32 petition, AEDPA's interest in finality dictates that such claims cannot serve as a basis for actual innocence more than 16 years after the fact. *See Gonzalez*, 366 F.3d at 1269 (noting AEDPA's "central purpose" of ensuring greater finality). Accordingly, Petitioner has not satisfied the necessary threshold to invoke the actual innocence exception to AEDPA's time bar.

Upon consideration, and for the reasons stated herein, Hart's amended § 2254 petition is subject to AEDPA's time bar, the time for filing has lapsed and he is not otherwise entitled to equitable tolling, nor has he pointed to new evidence indicative

of his actual innocence from the crimes of conviction. Accordingly, Hart's untimely amended § 2254 petition is due to be **DENIED with prejudice**.

### III.   *Certificate of Appealability*

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the § 2254 Rules. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by State court." 28 U.S.C.A. § 2253(c)(1)(A).

Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon consideration, the undersigned **RECOMMENDS** Hart be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present § 2254

habeas petition, as reasonable jurists would at least not find it debatable whether the Court was correct in its procedural ruling dismissing his petition as untimely.[8]

## IV.   *Appeal In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished). Having considered the issues raised as set forth above, the undersigned **RECOMMENDS** the Court **CERTIFY** that any appeal by Hart of the denial of the present § 2254 petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[9]

---

[8] Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the Petitioner, he may bring this argument to the attention of the District Judge in the objections permitted to this report and recommendation. Should this Court deny a certificate of appealability, Petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the § 2254 Rules.

[9] Hart may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

## V.    *Conclusion*

For the reasons stated herein, the undersigned **RECOMMENDS** Hart's amended 28 U.S.C. § 2254 petition (Doc. 6) be **DISMISSED with prejudice** as time barred from review under AEDPA. Accordingly, the undersigned **RECOMMENDS** Hart be **DENIED** a Certificate of Appealability and that the Court **CERTIFY** that any appeal by Hart of the denial of the present § 2254 petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*. Further, the undersigned **RECOMMENDS** Hart's motion for an evidentiary hearing and for appointment of counsel (Doc. 17) be **DENIED as MOOT**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should not that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 31st day of May 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**